FILED
SUPERIOR COURT
OF GUAM

2018 APR -5 PM 4: 43

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CM0431-17** |
| vs. | |
| | **DECISION AND ORDER** |
| **DAVID J. SABLAN,**<br>DOB: 11/06/1953 | **[1] Defendant John Ilao's<br>Motion to Sever** |
| **CECILE B. SUDA,**<br>DOB: 09/22/1957 | **[2] Defendant Deanne Torre's<br>Motion to Sever** |
| **DEANNE TORRE,**<br>DOB: 04/07/1970 | **[3] Defendant Roland Motion<br>to Dismiss** |
| **ROSIE BLAS,**<br>DOB: 07/02/1962 | **[4] Defendant Torre's Motion to<br>Dismiss** |
| **ROLAND SELVIDGE,**<br>DOB: 08/04/1949 | |
| **JOHN ILAO,**<br>DOB: 02/16/1967 | |
| **MICHAEL J. DUENAS,**<br>DOB: 04/30/1954 | |
| **DEFENDANTS.** | |



CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)

Page **1** of **26**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 31, 2018 for a hearing on the following motions: [1] Defendant John Ilao's Motion to Sever; [2] Defendant Deanne Torre's Motion to Sever; [3] Defendant Roland Selvidge's Motion to Dismiss; and [4] Defendant Deanne Torre's Motion to Dismiss. Several Co-Defendants joined in one of the motions, which will be laid out in more detail below. Chief Prosecutor Joseph B. McDonald appeared on behalf of the People of Guam ("People"). Defendant David J. Sablan ("Defendant-Sablan") was represented by Attorney Howard Trapp. Defendant Cecile B. Suda ("Defendant-Suda") was represented by Attorney Curtis C. Van de veld. Defendant Deanne Torre ("Defendant-Torre") was represented by Attorney Joaquin C. Arriola Jr. Defendant Rosie Blas ("Defendant-Blas") was represented by Attorney Michael F. Phillips. Defendant Roland Selvidge ("Defendant-Selvidge") was represented by Assistant Public Defender William C. Bischoff. Defendant John Ilao ("Defendant-Ilao") was represented by Attorney Joseph C. Razzano. Defendant Michael J. Duenas ("Defendant-Duenas") was represented by Attorney John C. Terlaje. At the conclusion of the hearing on January 31, 2018, the Court took the four motions noted above under advisement. Upon review of the oral and written arguments, and legal authorities presented by the Parties,

1. Defendant John Ilao's Motion to Sever is hereby **GRANTED**;

2. Defendant Deanne Torre's Motion to Sever is hereby **GRANTED**;

3. Defendant Roland Selvidge's Motion to Dismiss is hereby **DENIED**;

4. Defendant Deanne Torre's Motion to Dismiss is hereby **DENIED**.

## BACKGROUND

The People filed the Complaint in this matter in the Superior Court on July 24, 2017. The Honorable Elize M. Iriarte executed a SUMMONS for each Defendant to appear before the Magistrate's Judge on August 23, 2017. The Complaint was brought as a result of investigations by the United States Federal Bureau of Investigation, the Office of the Inspector General of the U.S. Department of Housing and Urban Development, and the Office of the Attorney General of

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 2 of 26

Guam. Tydingco Decl. Supp. Magistrate's Compl. 1 (July 24, 2017).[1] The Complaint alleges forty-seven separate crimes which include direct violations of the Guam Open Government Law ("OGL") and official misconduct, and Conspiracy to violate the OGL and commit official misconduct, related to three separate events that allegedly occurred during the period between December 2011 and July 2015. The alleged events occurred when the various Defendants served as Commissioners of the Guam Housing and Urban Development Authority ("GHURA") Board of Commissioners.[2]

The People allege that the Defendants have all served as Government board members and thus had either received training on, or knowledge of, the requirements of the OGL found at 5 GCA § 8101 *et seq.* Tydingco Decl. Supp. Magistrate's Compl. 1-3 (July 24, 2011).

The first event alleged in the Complaint is a secret meeting that was held by the then-Commissioners of GHURA sometime during the period from December 2011 to January 2012 (the "2011 Working Session"). Tydingco Decl. Supp. Magistrate's Compl. 7-13 (July 24, 2017). The People allege that Defendants-Sablan (Charges 1-8), Suda (Charges 25-26), Torre (Charges 29-30), Blas (Charges 33-34), and Selvidge (Charges 39-40), in their roles as Commissioners, met in a secret public meeting that was neither noticed, nor open to the public. Id. Thus the People allege the Defendants acted either in direct violation of, or as part of a conspiracy to violate, the OGL and official misconduct laws. Id. The Board allegedly decided how to award Low Income Housing Tax Credits ("LIHTCs") at the 2011 Working Session. Id. The Complaint alleges specifically that (1) no notice of the 2011 Working Session was given to the public, (2) that the meeting was not open to the public, (3) that no minutes were taken and made public, and (4) thus no minutes were

---

[1] The Complaint was supported by a written Declaration of then-Chief Prosecutor Philip J. Tydingco.

[2] Defendant-Sablan served as Commissioner from February 23, 2011 until June 28, 2016. Tydingco Decl. Support Magistrate's Compl. 1 (July 24, 2017). Defendant-Ilao served as Commissioner from August 12, 2013 until September 30, 2015. Id. Defendant-Torre was confirmed as Commissioner on March 30, 2011 and was appointed to a five-year term. Id. Defendant-Blas was confirmed on February 23, 2011 and was appointed to a five-year term. Id. Defendant-Selvidge was confirmed on September 9, 2010 and was relieved by Governor Eddie Baza Calvo in June of 2013. Id. at 2. However, Defendant-Selvidge remained on the Board until July of 2015. Id. Defendant-Suda was confirmed as commissioner on May 29, 2009, and was re-confirmed on June 4, 2012. Id. Defendant-Duenas did not serve as Commissioner to the GHURA Board. However, Defendant-Duenas was Executive Director of GHURA from sometime in 2012 up to at least the date of the filing of the Complaint in this matter in July of 2017.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

transmitted to the Governor, the Legislature, and other entities; all of which constitute violations of the OGL. Id.

The second event alleged in the Complaint, concerns GHURA Board of Commissioners Resolution FY2015-014(A) which adopted a credit card usage policy. Tydingco Decl. Supp. Magistrate's Compl. 13-15 (July 24, 2017). The People allege that on or about April 17, 2015, Defendants-Sablan (Charges 9-16), Torre (Charges 31-32), Blas (Charges 35-36), Selvidge (Charges 41-42), Ilao (Charges 43-44), and Duenas (Charges 46-47) either voted by email, or in Duenas' case agreed to the vote by email; which amounted to either a direct violation of, or were part of a conspiracy to violate, the OGL and/or official misconduct laws. Id.; Magistrate's Compl. 1-28 (July 24, 2017).

The final event alleged in the complaint and underlying the remaining charges concerns GHURA Board of Commissioners Resolutions FY2013-005 and FY2013-006 which authorized certain expenditures up to five thousand dollars ($5,000.00) for the GHURA 50th Anniversary Gala from Payment in Lieu of Taxes ("PILOT") Funds, and up to three-hundred and sixty dollars ($360.00) from PILOT Funds for GHURA to participate in the Governor's 2012 MAGPRO Banquet respectively. Tydingco Decl. Supp. Magistrate's Compl. 16-19 (July 24, 2017). The Complaint alleges Defendants-Sablan (Charges 17-24), Suda (Charges 27-28), and Blas (Charges 37-38), voted by email to adopt the resolutions, either in direct violation of, or as part of a conspiracy to violate, the OGL and official misconduct laws. Id.; Magistrate's Compl. 1-28 (July 24, 2017).

The Declaration further states that some Defendants made incriminating statements to investigators. Defendant-Selvidge allegedly told investigators that working sessions were held prior to Board meetings and were not announced to, nor attended by, the public. Tydingco Decl. Supp. Magistrate's Compl. 4 (July 24, 2017). Defendant-Selvidge also allegedly told investigators that Board decisions were discussed at these working sessions, and that issues were 'hashed out' and agreed upon during the working sessions. Id. Although Defendant-Selvidge did allegedly admit no on the record voting took place at these meetings, he told investigators that the Board of

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                     Page 4 of 26

Commissioners did come to a consensus on how they would vote during the publicly-held regular meeting that would follow the working session. Id. Defendant-Selvidge also allegedly admitted that although the Board was not allowed to vote, the consensus they came to was a vote. Id.

Similarly, the People allege Defendant-Blas told investigators, as an example, that at the working sessions when Commissioners' questions about GHURA's budget were answered, the decision was for all intents and purposes already made. Id. at 5. Additionally, when Defendant-Torre was interviewed, she allegedly told investigators that working sessions were used to make decisions and predetermine how the board would vote at the next scheduled public meeting. Id.

Beyond these general statements of several Defendants, former GHURA Executive Directors Marcel Camacho and Raymond Topasna allegedly made statements which support the allegations of criminal conduct surrounding the 2011 Working Session and electronic voting. Id. at 5-6. Investigators also interviewed Defendants-Duenas and Suda; former GHURA Deputy-Director Frank Camacho, and GHURA Staff as part of the investigation. Id. at 1-7.

## DISCUSSION

The Court held a hearing on all pending motions on January 31, 2018. At the conclusion of the hearing the Court took the following motions under advisement: [1] Defendant-Ilao's Motion to Sever; [2] Defendant-Torre's Motion to Sever; [3] Defendant-Selvidge's Motion to Dismiss; and [4] Defendant-Torre's Motion to Dismiss. The Court first discusses the Defendants' arguments, the law governing each type of motion, and then addresses each motion below.

### A. Defendant-Ilao's and Defendant-Torre's Motions to Sever

Defendant-Ilao moves for an Order severing his trial from the remaining co-defendants arguing "[a] jury will be incapable of properly compartmentalizing this 45 count [*sic*] criminal case." Def. Ilao Mot. Sever 2 (Aug. 31, 2017). Further, Defendant-Ilao argues that unlike some of the other Defendants, the People do not allege that he made any incriminating statements related to the specific charges against him. Id. at 5. Finally, Defendant-Ilao argues that his right to confront and cross-examine witnesses against him under the Sixth Amendment will be prejudiced by

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)

Page 5 of 26

joinder because he will not be able to confront co-defendants about their incriminating statements due to their rights under the Fifth Amendment. Id. at 6.[3]

In Opposition, the People argue Defendant-Ilao has not shown prejudice, and further "any potential prejudice will be cured by an instruction" to the jury. People's Opp'n to Def. Ilao Mot. Sever (Sept. 22, 2017).[4] No other Defendants joined Defendant-Ilao's Motion to Sever.

Defendant-Torre similarly moves to sever and argues "prejudice to Defendant Torre is patent: she is being lumped in with all other suspects." Def. Torre Mot. Sever 4 (Oct. 27, 2017). Defendant-Torre posits this prejudice emanates from "being jointly tried with the potentially more culpable co-defendants." Id. Defendant-Torre also argues a joint trial would be improper because she has a right to confront witnesses against her under the Sixth Amendment and "co-defendants may not be compelled to testify at a joint trial." Id. at 5.

In opposition, the People argue Defendant-Torre's motion to sever should be denied because "Torre has not given sufficient grounds for her claim that the jury will not be able to separate the charges against her from that of the others, and any potential prejudice will be cured by an instruction." People's Opp'n to Def. Torre Mot. Sever 3 (Nov. 9, 2017). The People further argue that the "merely potential and highly speculative risk Torre claims regarding her right to confrontation is legally insufficient to require severance." Id. No other Defendants joined in Defendant-Torre's Motion to Sever.

### i. Law Governing Severance

Under Guam law, "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or . . . by such joinder for trial together, the court may order an election or separate trials of counts [or] grant a severance of defendants . . . ." 8 GCA § 65.35 (2017). The

---

[3] Defendant-Ilao also initially asserted that a co-defendant's assertion of her statutory right to speedy trial prejudiced him since he had opted to waive his right to speedy trial, as a basis for severance. Said co-defendant subsequently waived her right to speedy trial while this Motion was pending. Thus the Court finds this argument to be moot.

[4] Defendant-Ilao objected to the Court's consideration of the People's opposition to Defendant-Ilao's Motion to Sever because the Opposition was filed late. Defendant-Ilao's Motion to Sever was field on August 31, 2017. The Opposition was due on September 14, 2017, but was not filed until September 22, 2017. Because the Court grants Defendant-Ilao's Motion to Sever herein, the Court finds there was no prejudice to Defendant-Ilao caused by the Government's late filing. However, the Court will remind the government of the importance of briefing schedules and urge compliance in future filings in this and other cases before the Court.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                    Page 6 of 26

language of Rule 14 of the Federal Rules of Criminal Procedure similarly allows for severance in federal criminal matters where a Defendant or the government is prejudiced by joinder. See Fed. R. Crim. P. 14 ("If the joinder of offenses or . . . a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ."). Thus, the Court will look to federal cases interpreting Rule 14 to determine if Defendant-Ilao and Defendant-Torre have demonstrated sufficient prejudice to warrant severance here. See Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").

The Supreme Court of the United States has held that courts "should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants *or* prevent the jury from making a reliable judgment about guilt or innocence. . . ." Zafiro v. U.S., 506 U.S. 534, 539 (1993) (*emphasis added*). Applying Zafiro, the Federal Ninth Circuit Court of Appeals applies a four-factor test to determine whether severance is appropriate. Courts in the Ninth Circuit consider "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and legal concepts involved are within the competence of the ordinary juror; and (4) whether [the Defendant] could show, with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." U.S. v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004). The first two factors are the most important in the Court's inquiry. Id. However, the Court finds Defendant-Ilao's and Defendant-Torre's moving papers only invoke the first and fourth factors.

The Ninth Circuit Court of Appeals has held that joint trials are "particularly appropriate where co-defendants are charged with conspiracy because the concern for judicial efficiency is less

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                                 Page 7 of 26

likely to be outweighed by possible prejudice to the defendants when much of the *evidence would be admissible against each of them in separate trials.*" Id. at 1242 (*emphasis added*).

With regard to what constitutes compromise of a specific right of the Defendant, specifically in the context of statements by nontestifying co-defendants, the Supreme Court has reasoned "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987); U.S. v. Bruton, 391 U.S. 123, 132 (reasoning "[a] defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice."). However to violate the Defendant's rights under the Sixth Amendment, the codefendant's statement must be 'facially incriminating.' See e.g., U.S. v. Boyd, 78 F.Supp.3d 1207, 1213-14 (N.D. Cal. 2015) (reasoning prejudice due to the inability to cross-examine requiring severance was not shown because the statement of the codefendant at issue did not directly refer to the Defendant or implicate the Defendant; and required several inferential leaps in order to be incriminating at all).

Finally, before moving on to the analysis of each Defendant's argument for severance, the Court notes that both Defendant-Ilao's and Defendant-Torre's moving papers argue a tension between the various Defendants' Fifth and Sixth Amendment Rights. Under the Fifth Amendment, a Defendant has a privilege against self-incrimination, which practically means the Defendant has a right to remain silent and cannot be compelled to take the stand at his own criminal trial. See U.S. Const. Amend. V. The Sixth Amendment guarantees the accused the right to confront and cross-examine witnesses against her. See U.S. Const. Amend. VI. Both the Fifth and Sixth Amendments are extended to Guam. See 48 U.S.C.A. §§ 1421b(g), (u).

///

///

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)

Page **8** of **26**

## ii. Defendant-Ilao's Motion to Sever

Defendant-Ilao is charged in the Complaint with two counts of conspiracy and one count of official misconduct, all related solely to GHURA Board Resolution FY2015-14(A). Magistrate's Compl. 26-28 (July 24, 2017). Defendant–Ilao is not charged with any criminal conduct related to the 2011 Working Session, or for conduct related to GHURA Board Resolutions FY2013-005 and FY2013-006.

The Court finds Defendant-Ilao has demonstrated sufficient prejudice to merit severance. The Court need only look to the first factor under the test laid out in Fernandez, whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant.

The following facts demonstrate that Defendant-Ilao would be prejudiced by continued joinder. Defendant-Ilao is only charged with three crimes, all of which are related to the alleged electronic vote on Resolution FY2015-14(A). However, two of the charges against Defendant-Ilao are for conspiracy to violate the OGL. The Court finds there are in fact three separate conspiracies alleged in this case. Further, twenty-nine of the forty-seven charges in the Complaint allege individual Defendants' involvement in the three conspiracies. The Court also finds that not every Defendant is charged with conduct related to all three conspiracies. Finally, during the periods where the 2011 Working Session and the electronic vote on Resolutions FY2013-005 and FY2013-006 are alleged to have occurred, Defendant-Ilao was not a Commissioner on the GHURA Board. See Supra note 2. Thus there is a danger that a jury would crossover evidence and culpability from one conspiracy to another, especially since the Complaint uses a barebones recitation of the elements of conspiracy to charge each of the twenty-nine conspiracy counts.

Furthermore, based on the Tydingco Declaration, the Court finds the 2011 Working Session related conspiracy charges seem to be the most complex of the three conspiracies alleged. The evidence surrounding the 2011 Working Session will also likely be the most time consuming. Therefore, when considering all these facts together, the Court finds there is a danger of the jury muddling the evidence of the three conspiracies. If Defendant-Ilao were tried jointly, only a minimal time would actually be spent proving the charges against him relative to the entire case.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 9 of 26

Defendant-Ilao would then be forced to sit through the Government's case relative to the other two conspiracies which he has no alleged involvement in.

Finally, the Court finds that the rule discussed in Fernandez, that co-conspirators should generally be tried together is inapplicable here. As noted, Fernandez emphasized that joint trial of co-conspirators is appropriate because much of the same evidence would be admissible in severed trials for the same conspiracy. Here, because Defendant-Ilao is only charged with conduct related to one out of three separate conspiracies, the reasoning underpinning the rule discussed in Fernandez is in applicable.

The Court finds that a trial limited to the evidence relevant to Defendant-Ilao's alleged conduct only related to Resolution 2015-0014(A) will a jury to better determine his guilt or innocence on those charges alone. Additionally, a severed trial will eliminate the risk of the jury improperly inferring Defendant-Ilao's guilt based on the evidence presented against the other defendants related to the 2011 Working Session and the 2015 resolutions, which are charged as separate conspiracies.

Thus, the Court finds there is a risk that a jury would not be able to collate and appraise the individual evidence relevant to the charges against Defendant-Ilao. The Court therefore concludes Defendant-Ilao has shown sufficient prejudice under Zafiro and its progeny for the Court to order Defendant-Ilao severed from his codefendants.[7]

### iii. Defendant Torre's Motion to Sever

Defendant-Torre is charged with two counts of conspiracy related to GHURA Board Resolution FY2015-14(A), and two counts of conspiracy related to the December 26, 2011,

---

[7] Defendant-Ilao also asserts prejudice because certain co-defendants made incriminating statements to investigators and he did not. The People only argue that the use of the co-defendants' statements at trial is not guaranteed and thus any prejudice stemming from the statements is speculative, and further that any prejudice can be cured by a limiting instruction. As discussed above, where the statement is facially incriminating, Bruton and Ramirez cast doubt on whether a limiting instruction is sufficient to cure prejudice to the Defendant. However, Boyd makes clear that the statement must actually be facially incriminating. Thus, the Court cannot make a determination about whether the statements are facially incriminating or not because Defendant-Ilao does not point to what specific statements would be relevant to his case and would violate his rights under the Sixth Amendment. None of the alleged statements by the Defendants summarized in the Tydingco Declaration relate to the Board's electronic voting. See Tydingco Decl. Supp. Magistrate's Compl. 4-5 (July 24, 2017). Therefore, the Court is at a loss for what statements by co-defendants Defendant-Ilao is asserting will be used against him and violate his Sixth Amendment right to confrontation.

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 10 of 26

Working Session. Magistrate's Compl. 19-20 (July 14, 2017). Defendant-Torre is not charged with criminal conduct related to GHURA Board Resolutions FY2013-005 and FY2013-006.

The Court notes at the outset that as a matter of law, the fact that some defendants are more or less culpable than others is not sufficient to show prejudice meriting severance. See U.S. v. Baker, 10 F.3d 1374, 1388 (9th Cir. 1993) overruled on other grounds by U.S. v. Norby, 225 F.3d 1053 (9th Cir. 2002) (reasoning neither a better chance of acquittal in a separate trial nor the mere fact of joint trial with a *more culpable defendant* is sufficient in itself to require severance). Thus Defendant-Torre's argument in that regard does not mandate severance from her co-defendants.

However, unlike Defendant-Ilao, Defendant-Torre is charged with conspiracy-crimes related to both the 2011 Working Session and Resolution 2015-0014(A). Defendant-Torre allegedly told investigators that working sessions were used to make decisions and predetermine how the Board would vote at the next scheduled public meeting. Defendants-Selvidge and Blas made similar statements to investigators about the Board's conduct during working sessions.

The Court finds that unlike the statement of the co-defendant at issue in Boyd, the statements of Defendants-Blas and Selvidge are facially incriminating when considering the 2011 Working Session charges. Defendants-Torre, Blas, and Selvidge served on the Board during the period the 2011 Working Session allegedly occurred. Thus, if a jury believes Defendants-Blas', Selvidge's and Torre's statements that the Board made decisions at Working Sessions, then no inferential leap is required to conclude that: (1) if a working session was alleged during a period where the Board members served together, (2) action, as defined in the OGL was taken at such working sessions, and (3) such action was, or such working session was held, in violation of the provisions of the OGL. Such a conclusion would tend to support the People's case and could be used to find Defendant-Torre guilty of the charges against her related to the 2011 Working Session.

The People argue that a limiting instruction can cure the prejudice should the statements be admitted at trial. However, where the statement is facially incriminating, as the Court found here, then Bruton and Richardson cast doubt on whether a limiting instruction is sufficient to cure the

prejudice to the Defendant. The People also argue that there is no guarantee the co-defendants' statements will be introduced at trial and thus, any argument of prejudice is speculative. The Court recognizes the People are technically correct, that should the co-defendants not be called to testify at trial the alleged prejudice to the Defendant may not occur. However, the Court finds the statements by the codefendants were used in establishing probable cause before the Magistrate Judge. See Tydingco Decl. Supp. Magistrate's Compl. 4-5 (July 24, 2017). Therefore the Court finds Defendant-Torre's argument that the statements will be used against her at trial is reasonable. Thus, the Court finds that severance at this time will avoid the later issue of prejudice and severance at trial depending on whether the statements are admitted or not.

The Court finds that the 2011 Working Session-related charges against Defendant-Torre should be severed to avoid a violation of her right to confrontation under the Sixth Amendment. By severing Defendant-Torre from the several other Defendants, she can prepare a defense where the only way co-defendants' statements regarding the Board's conduct at working sessions can be used against her is if the co-defendant takes the stand and is subject to cross-examination. Otherwise, the statements which would be admissible in joint trial as statements of party-opponents will be inadmissible hearsay in a severed trial if offered for the truth of the matters asserted. See Guam R. Evid. 801, 802 (2007). As to severance of the GHURA Board Resolution FY2015-014(A) related charges against Defendant-Torre, for the same reasons the Court severed the charges against Defendant-Ilao above, the Court finds the FY2015-014(A)-related charges against Defendant-Torre should be severed from the remaining Defendants.

**B. Defendant-Selvidge's and Defendant-Torre's Motions to Dismiss**

Defendant-Selvidge argues "[t]he facts alleged in the probable cause statement in this case are not enough to sufficiently support a charge that Selvidge committed a crime – that he conspired, or acted with a specific intent to violate the open government law. The facts alleged are merely that he consented or acquiesced to taking part in the Working Sessions that he was notified or advised to attend." Def. Selvidge Mot. Dismiss 3-4 (Nov 8, 2017). Specifically, Defendant-

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                    Page **12** of **26**

Selvidge argues the crime of conspiracy requires, and the government has failed to plead, that Selvidge "had it as his purpose, or objective, to violate the law." Id. at 2.

In opposition the People argue the Magistrate Judge, who initially reviewed the Complaint and Declaration, found probable cause and issued the appropriate summons to the various Defendants. People's Opp'n to Def. Selvidge's Mot. Dismiss 2 (Nov. 22, 2017). The People further argue there is no provision in Guam law which allows a trial court to review a finding of probable cause by a Magistrate's Judge. Id. at 3-4. Finally, the People argue that assuming this Court reviews the Magistrate Judge's finding of probable cause, the Complaint and attached declaration met the probable cause burden. Id. at 4-7. Defendants Blas, Suda, and Ilao joined in Defendant-Selvidge's Motion to Dismiss.[8]

Defendant-Torre argues for dismissal of the four charges against her because the charges, as laid out in the Magistrate's Complaint, lack probable cause. Def. Torre Mot. Dismiss 11 (Dec. 29, 2017). Specifically, Defendant Torre argues that she "never took any action in violation of any provisions of the open government laws." Id. at 9. Defendant-Torre further argues that no action was taken and no decisions were made at any of the working sessions. Id. Alternatively, Defendant-Torre argues the charges should be dismissed because they are *de minimis*. Id. at 11. Finally, the Defendant argues the charges should be dismissed because "Torre relied on the advice of Board Counsel that the working sessions and email polling were not in violation of any laws: his presence at the sessions, and his participation by copy in some of the email polling supports a finding that Torre's conduct and acts were legally permissible." Id.

In opposition the People argue that "[t]o the extent defendant argues that there is no probable cause, the magistrate judge found and stated on the record that there was probable cause, and there is no applicable rule of criminal procedure, nor device at this stage of litigation, for defendant to challenge the magistrate's finding probable cause." People's Response Def. Torre's Mot. Dismiss 1 (Jan. 12, 2018). If the Court reviews the Magistrate's finding of probable cause, the People argue there are sufficient allegations in the Magistrate's Complaint and attached

---

[8] Def. Blas Joinder in Mot. Dismiss (Dec. 29, 2017); Def. Suda Joinder in Mot. Dismiss (Jan. 16, 2018); Def. Ilao Joinder in Mot. Dismiss (Jan. 17, 2018).

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)
Page 13 of 26

declaration to meet the probable cause burden for the four charges against Defendant-Torre. Id. at 4-5. In opposition to Defendant-Torre's argument that the charges are *de minimis*, the People argue that "[h]iding the decisions and deliberations involved in the use of large sums of public money is in no way *de minimis*, nor are conspiracies by commissioners to commit official misconduct in their governance over the People and their public funds." Id. at 5. No other Defendants joined in Defendant-Torre's Motion to Dismiss.

### i. Law Governing Dismissal of Complaint

The Court now turns to the law applicable to Defendant-Selvidge's and Defendant Torre's Motions to Dismiss. Under Guam law, "[a]ny felony . . . shall be prosecuted by indictment. . . . Any other offense shall be prosecuted by complaint." 8 GCA § 1.15 (2017). A Complaint "is a written statement of the essential facts constituting the offense charged. . . ." 8 GCA § 15.10. The rules for pleading a Complaint are the same as the rules for pleading an Indictment. Id. To initiate prosecution by Complaint, the Complaint is first presented to a Superior Court Judge and "[i]f it appears from the complaint and affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant." 8 GCA § 15.20 (2017). The finding of probable cause in a Complaint "may be based in whole or in part upon hearsay evidence." 8 GCA § 15.30.

The Supreme Court of Guam has held that an Indictment is sufficient "where it [1] contains the elements of the crimes alleged, [2] adequately informs the defendant of the crime to allow him to defend him against the charges, and [3] is stated with sufficient clarity to bar subsequent prosecution for the same offense." Guam v. Jones, 2006 Guam 13 ¶ 12 (citations and quotations omitted). Further, the Supreme Court has reasoned that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. The United States Supreme Court has repeatedly held that an indictment valid on its face is not subject to challenge on the grounds of insufficient evidence. See U.S. v. Williams, 504 U.S. 36, 54 (1992); see also, Bank of Nova Scotia v. U.S., 487 U.S. 250, 262 (1988); Costello v. U.S., 350 U.S. 359, 363 (1956).

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page **14** of **26**

Further, the Ninth Circuit has held that at the Indictment stage, "the Government need not allege its theory of the case or supporting evidence, but only the essential facts necessary to apprise a defendant of the crime charged." U.S. v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982) (citing U.S. v. Markee, 425 F.2d 1043, 1047-1048 (9th Cir. 1970), cert denied, 400 U.S. 847 (1970)) (internal quotations omitted). The Supreme Court of Guam has held that Indictments "need not always plead required scienter elements in precise statutory terms such as willfully or knowingly so long as the words or facts contained in the indictment necessarily or fairly import guilty knowledge." Guam v. Jones, 2006 Guam 13 ¶17 (citing U.S. v. McLennan, 672 F.2d 239, 242 (1st Cir. 1982)) (internal quotations omitted). Finally, when considering a motion to dismiss, the allegations in the indictment are assumed to be true. Buckley, 689 F.2d at 897.

Thus, applying the rules of pleading an Indictment to the pleading of the Complaint here as directed by 8 GCA § 15.10, the Court finds that a Complaint is valid on its face where the Complaint and supporting documents filed therewith (1) allege the elements of the applicable offense, (2) adequately informs the defendant of the charge(s) in order to prepare a defense and enter a plea, and (3) is stated clearly enough to bar future prosecution for the same offense(s). The Court further finds that if the Court finds the Complaint is valid on its face, the Defendant may not challenge the Complaint on the ground of insufficient evidence. The Court also assumes the truth of the allegations in the Complaint for purposes of these Motions to Dismiss.

### ii. Law Governing Dismissal Under Guam's *de minimis* Statute

Guam law provides:

"a court *shall* dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
    (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
    (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant condemnation or conviction; *or*
    (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 15 of 26

not dismiss a prosecution under this Subsection without filing a written statement of its reasons."

9 GCA § 7.67 (*emphasis added*). The Supreme Court of Guam has held that dismissal is appropriate under the *de minimis* statute when "the defendant's conduct falls within *at least one*" of the enumerated grounds. Guam v. Perez, 2004 Guam 4 ¶ 9 (*emphasis added*).

### iii. Elements of the Offenses Charged and Applicable Statutes

Finally, the Charges relevant here are Conspiracy to violate the OGL, and Conspiracy to commit Official Misconduct. A person is guilty of the crime of conspiracy a crime if:

"(a) he agrees with one or more other persons that he or one of them will engage in conduct which constitutes such crime;
(b) he does so with the intention of engaging in, promoting or assisting in the conduct which constitutes such crime; and
(c) he or one of them performs an overt act in pursuance of the agreement."

9 GCA § 13.30.[11] Conspiracy and the underlying substantive offense are separate and distinct crimes. See Iannelli v. U.S., 420 U.S. 770, 777 (1975). The agreement is an essential element of conspiracy and "need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case." Iannelli, 420 U.S. at 777 n. 10. "A Conspiracy to commit a particular substantive offense cannot exist without at least the criminal intent necessary for the substantive offense itself." Ingram v. U.S., 360 U.S. 672, 678 (1959). The Ninth Circuit has made clear that for a conspiracy charge there need not be proof "that the conspirators were aware of the criminality of their objective." U.S. v. Grasso, 724 F.3d 1077, 1086 (9th Cir. 2013) (citing Ingram, 360 U.S. at 678-79).

A person violates the OGL if she "[1] attends a meeting of a public agency [2] where action is taken [3] in violation of any provision [the OGL], [and 4] with knowledge of the fact that the meeting is in violation thereof . . . ." 5 GCA § 8115(b). 'Meeting' means "the convening of a governing body of a public agency for which a quorum is required in order to make a decision *or*

---

[11] A person acts with intent "with respect to his conduct or a result thereof when it is his conscious purpose to engage in the conduct or cause the result." 9 GCA § 4.30(a).

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                        Page **16** of 26

*to deliberate toward a decision on any matter.* Meeting does not include any on-site inspection of any project or program." 5 GCA § 8104(b) *(emphasis added).*[12] However "[a] chance meeting of two or more members of a public agency shall not be considered a public meeting. No chance meeting, *informal assemblage or electronic communication* shall be used to decide or deliberate public business in circumvention of the spirit or requirements of [the OGL]." 5 GCA § 8105 *(emphasis added).*

'Action' as used in the OGL means:

> "[1] a collective decision made by a majority of the members of a public agency, [2] *a collective commitment or promise* by a majority of the members of a public agency to make a positive or a negative decision, or [3] an actual vote by a majority of the members of a public agency when sitting as a body or entity, upon a motion, proposal, resolution or order."

5 GCA § 8104 (c) *(emphasis added).*

Finally, a person commits the crime of official misconduct if:

> ". . . with intent to benefit himself or another person or to harm another person or to deprive another person of a benefit;
>  (a) he commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
>  (b) he knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office."

9 GCA § 49.90.[13]

### iv. Defendant Selvidge's Motion to Dismiss

Defendant-Selvidge is charged in the Complaint with conspiracy to violate the OGL and conspiracy to commit Official Misconduct related to the 2011 Working Session. Magistrate's Compl. 24 (July 24, 2017). Defendant-Selvidge is also charged with conspiracy to violate the OGL

---

[12] A person acts knowingly or with knowledge "with respect to his conduct or the attendant circumstances when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge, with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result." 9 GCA § 4.30(b)

[13] Supra note 10.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 17 of 26

and conspiracy to commit Official Misconduct related to the alleged electronic vote on GHURA Board Resolution FY2015-014(A). Id. at 25-26.

The Court would first note that Defendant-Selvidge has not cited, and this Court is unaware of any statute or other authority which allows this Court to review the probable cause finding of another judge related to a Complaint and Summons issued under 8 GCA § 15.20. Thus, to the extent Defendant-Selvidge requests this Court dismiss the Complaint for lack of probable cause, the Court expressly **DENIES** such request.

Moving on to Defendant-Selvidge's argument that the Complaint and Declaration fail to allege that Defendant-Selvidge "had it as his purpose, or objective to violate the law," the Court **DENIES** Defendant-Selvidge's Motion to Dismiss. The Guam statute recognizing the crime of conspiracy requires: (1) an agreement to engage in conduct which constitutes a crime; (2) that the Defendant does so with the intention of engaging in, promoting or assisting in the conduct which constitutes such crime; and (3) an overt act in pursuance of the agreement.

The Court finds there is no requirement that the government must prove that the defendant "had it as his purpose or objective, to violate the law." The authorities cited to by Defendant-Selvidge do not support this argument. In, U.S. v. Spatig, 870 F.3d 1079 (2017),[14] the Court considered the issue of whether the defendant could advance a diminished capacity defense when he was charged with a general intent crime. Id. at 1082. In dicta, the Ninth Circuit reasoned that because the defendant was charged with a general intent crime, the government was not required to prove "a particular purpose or objective, as would be required for a specific-intent crime." Id. at 1083. Defendant cites to Spatig and argues "because conspiracy is a specific-intent crime, the

---

[14] The Court notes that Defendant-Selvidge attempted to cite to a case, however the citation in the Motion to Dismiss read as follows, "*United States v. Spatig*, (9th Cir. September 13, 2017)." The Court notes that pursuant to Rule GR 4.1 of the Local Rules of the Superior Court of Guam, "citations shall be in the form found in the most recent edition of A Uniform System of Citation, identifying the court cited and enabling both the Court and opposing counsel to locate the cited work." Local Rules Super. Ct. Guam GR 4.1 (2007). Here, no reporter and no pinpoint citation were provided, thus the Court was at a loss for what specific case and what specific portion of the opinion Defendant-Selvidge was relying on. The Court reviewed, U.S. v. Spatig, 870 F.3d 1079 (2017), and attempted to discern what Defendant-Selvidge's argument was relying on, however, the case simply does not support the proposition that conspiracy requires a defendant have it as his purpose or objective, to violate the law.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)
Page **18** of **26**

government must allege that the defendant had it as his purpose, or objective to violate the law." Def. Selvidge Mot. Dismiss 2 (November 22, 2017).

Defendant-Selvidge overstates the law and the meaning of specific intent. The Supreme Court of Guam has reasoned "specific intent is a term used in criminal law to describe a state of mind which exists where circumstances indicate that an offender actively desired certain criminal consequences, or objectively desired a specific result to follow his act or failure to act." Guam v. Demapan, 2004 Guam 24 ¶ 22. The Court finds that just because a crime is a specific intent crime, does not add the requirement that the defendant had it as his purpose, or objective to violate the law. See e.g., U.S. v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) (reasoning that that just because conspiracy is a specific intent crime does not mean that knowledge that the charged conduct is unlawful need be proven.). Rather, the Court finds specific intent only requires that the Defendant intend the particular conduct, and/or a particular result. The fact that the conduct and/or result are unlawful is what gives rise to criminal liability for the crime of conspiracy, not the Defendant's intent to violate the law, or lack thereof.

The Defendant also cites to, U.S. v. Ocasio, 136 S.Ct. 1423 (2016).[15] Ocasio dealt with the issue of whether a conspirator was required to agree to commit each and every part of a substantive offense to sustain a conviction for conspiracy under the Hobbs Act. Id. at 1429-30. The Court strains to read Ocasio as having any applicability to this case. The only relevant portion for purposes of the issues raised by Defendant-Selvidge here is where the Ocasio Court stated, in dicta, conspiracy requires specific intent. See id. at 1435-36.

Thus the Court finds that for a charge of conspiracy, the only intent required relative to the conduct is the specific intent to enter into an agreement to engage in conduct, to achieve a specific result, and the intent required of the underlying substantive offense. For a charge of conspiracy to violate the OGL, the People must prove that the Defendant intended to engage in conduct which

---

[15] The Court would again note that the citation to Ocasio does not conform to the requirements of GR 4.1. The citation reads "Ocasio v. United States, 136 S.Ct. 1423 (2016) (slip opinion at 16)." While the reporter was included, the pinpoint citation was not. The Court reviewed Ocasio and finds the holding inapplicable to the instant case. To the extent Defendant-Selvidge relied on reasoning or dicta, this Court cannot identify what portion of the opinion Defendant-Selvidge relies on because no pinpoint citation is provided.

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)
Page 19 of 26

constitutes a violation of the OGL. Further, because 5 GCA § 5115 requires the Defendant act with knowledge, the Court finds the Defendant must be aware that either the conduct he is conspiring to engage in, or the particular result intended, violates a provision of the OGL. The Court finds knowledge is distinct from the Defendant having the purpose or objective of violating the OGL.

Here, the Tydingco Declaration begins with a section that identifies each Defendant, their experience and training with the OGL, and their tenure on the GHURA Board of Commissioners. Therefore, the Court finds that there are facts alleged which suggest that the various Defendants had knowledge of the requirements of the OGL. The People also allege that notwithstanding the Defendants' knowledge, the 2011 Working Session occurred, and that action was taken at the 2011 Working Session in violation of the OGL. Further, the People also allege that electronic voting took place on Resolution 2015-14(A) in violation of the OGL. Thus, if the facts in the Complaint and the Tydingco Declaration are assumed to be true, there are facts which demonstrate the Defendants, including Defendant-Selvidge, formed the intent necessary to constitute a conspiracy to violate the OGL in both instances. The Magistrate Judge found probable cause to believe such a conspiracy to violate the OGL existed and occurred, and that Defendants-Selvidge was a member of both conspiracies. The Court will not disturb the Magistrate's finding of probable cause based on Defendant-Selvidge's overstatement of the law. Accordingly, the Court **DENIES** Defendant-Selvidge's Motion to Dismiss the Charges Thirty-Nine and Forty-One for Conspiracy to Violate the OGL.

Reading the Conspiracy statute with the Official Misconduct Statute, the Court finds that for a charge of conspiracy to commit Official Misconduct, similar to the analysis above, the crime of official misconduct has a requirement that the Defendant know the act which constitutes official misconduct is unauthorized if he takes an action. In the alternative, if the Defendant declines to act when required to do so, the Defendant must know the act is required or inherent in his position.

The Court again finds that knowledge of an act's unlawfulness or a legal requirement to act, is distinct from a "purpose, or objective, to violate the law." Here, the People have sufficiently pled that Defendant-Selvidge had knowledge of the requirements of the OGL, including the

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                          Page **20** of **26**

proscription of taking action at a meeting in violation of the OGL, and voting by electronic means. Thus, the Court can dispense with further analysis and simply deny Defendant-Selvidge's Motion to dismiss charges forty and forty-two for Conspiracy to Commit Official Misconduct.

Therefore, Defendant-Selvidge's Motion to Dismiss charges thirty-nine, forty, forty-one and forty-two is **DENIED**. To the extent Defendants-Blas, Suda, and Ilao joined in Defendant-Selvidge's Motion to Dismiss based on lack of probable cause to support the charges in the Complaint, the Motion to Dismiss is **DENIED** as to each Defendant. To the extent Defendants Blas, Suda, and Ilao joined in Defendant-Selvidge's Motion to Dismiss on the basis of insufficient allegations that the individual Defendants "had it as [their] purpose, or objective to violate the law," the Motion to Dismiss is **DENIED** as to each Defendant.[16]

### iv. Defendant Torre's Motion to Dismiss

The Court would first note that Defendant-Torre, like Defendant Selvidge has not cited, and this Court is not of any statute or other authority which allows this Court to review the probable cause finding of another judge related to a Complaint and Summons issued under 8 GCA § 15.20. Thus, to the extent Defendant-Torre requests this Court dismiss the charges in the Complaint for lack of probable cause, the Court expressly **DENIES** such request.

Moving on to Defendant Torre's argument that she never took any action in violation of any provisions of the open government laws, and that no action was taken or nor were decisions made at any of the working sessions, the Court does not find dismissal is warranted. Defendant-Torre is charged with conspiracy to violate the OGL and conspiracy to commit official misconduct related to GHURA Board Resolution FY2015-14(A), and conspiracy to violate the OGL and conspiracy to commit official misconduct related to the December 26, 2011 Working Session. See Magistrate's Compl. 19-20 (July 14, 2017).

---

[16] Defendant-Selvidge also moved for dismissal based on the fact that GHURA Board Counsel was allegedly present at the 2011 Working Session. Def. Selvidge Mot. Dismiss 1-2 Nov. 8, 2018. However the People moved to strike this argument from the moving papers because the Defendant relied on materials from discovery, and thus outside the four corners of the Complaint and attached Declaration. People's Mot. Strike Evid. Presented Def. Selvidge's Mot. Dismiss 2-3 (Dec. 7, 2017). Defendant-Selvidge filed a non-opposition to the Motion to Strike. Def. Selvidge Nonopp'n Mot. Strike (Dec. 13, 2017). Therefore the Court does not address the argument that GHURA Board Counsel's presence negates the *mens rea* required for conspiracy to violate the OGL and to commit Official Misconduct as that argument relates to Defendant-Selvidge.

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Defendant-Torre argues that "the OGL requires that the member of the public agency take action in violation of the law: no actions are alleged to have been taken." Def. Torre Mot. Dismiss 9 (Jan. 12, 2018). The Court notes that Defendant Torre is charged with conspiracy to violate the OGL and to commit official misconduct. The lack of action-related argument in her motion does not apply to the official misconduct charges because the argument centers on action as defined by the OGL. Therefore, the Court will only analyze the lack of action-related argument as it relates to the conspiracy to violate the OGL charges.

Defendant-Torre would be correct that action is required if she were charged with a direct violation of the OGL under 5 GCA § 8115. Instead, Defendant-Torre is charged with conspiracy to violate the OGL. Thus, Defendant-Torre is simply wrong in arguing that the People need to allege action, as defined by the OGL, was taken in violation of the law. The *actus reus* required of conspiracy is an overt act in pursuance of the agreement. See e.g., People v. Manila, 2015 Guam 40 ¶ 21-22. The People need prove that the conspirators agreed to attend a meeting where action would be taken in violation of any provision of the OGL, the action need not actually happen. See Iannelli, 420 U.S. at 777 (holding the conspiracy and the underlying substantive crime are separate offenses). The Court finds that for the conspiracy to violate the OGL charge, no action, as defined by the OGL, need have occurred. The only relevance of action, as defined by the OGL, is that there is some agreement, implied or express, to take *action* which violates a provision of the OGL. See e.g., Ianneli 420 U.S. at 777 n. 10.

As to Defendant-Torre's argument that the charges against her should be dismissed because they are *de minimis*, the Court is again unconvinced that dismissal is warranted. Because Defendant-Torre invokes all three provisions of the *de minimis* statute, and further because the Court is mandated to dismiss a prosecution when any of the three provisions are found, the Court will address each of the three prongs of the dismissal statute.

Defendant Torre argues a customary license or tolerance exists because Boards and Commissions throughout the Government conduct "working sessions with staff and management to review and discuss issues before the agency prior to any formal board action on the issues.

When the Board acts on an issue, Open Government laws apply. No action was ever taken at any working session." Def. Torre Mot. Dismiss 11 (Jan.12, 2018) (emphasis in original omitted). The Court finds this argument unconvincing. First, there is no customary license or tolerance, to conspire to violate the OGL or conspire to commit official misconduct, which has been demonstrated by the facts currently before the court. Second, Defendant-Torre allegedly told investigators that Working Session were "used to make decisions and predetermine how the board would vote at the next scheduled public meeting." Tydingco Decl. Supp. Magistrate's Compl. 5 (July 24, 2017). This statement runs contrary to the arguments raised by Defendant-Torre in her motion to dismiss where she states no action was ever taken at any working session. Def. Torre Mot. Dismiss 8-9 (Jan. 12, 2018).

The Court also cannot agree with Defendant-Torre's argument that the alleged conduct did not actually cause or threaten the harm or evil sought to be prevented by the law or did so only to an extent too trivial to warrant condemnation or conviction. The OGL expressly provides that meeting includes the deliberating toward a decision on an issue requiring a quorum. See 5 GCA § 8104(b). Further, the OGL also provides that action includes a collective commitment or promise by majority to make a positive or negative decision on an issue. See 5 GCA § 8104(c). Further, no informal assemblage or electronic means may be used to make a decision. See 5 GCA § 8105. The conduct alleged falls squarely within the plain language of the statutory proscriptions against decisions being made at secret or informal meetings, or by electronic voting.

Further, the express policy of Guam as laid out by the legislature in the OGL similarly condemns decisions being made in secret or by non-public electronic means. The codified public policy statement of the OGL reads the policy of Guam shall be:

> "that the formation of public policy and decisions is public and shall not be conducted in secret. The people of Guam do not yield their individual rights to the public agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created."

5 GCA § 8102. Thus, this Court rejects Defendant-Torre's argument that the alleged conduct, which is expressly proscribed by statute and runs afoul of public policy codified in Guam law did not actually cause or threaten the harm or evil sought to be prevented or did so only to an extent too trivial to warrant condemnation or conviction.

The alleged conduct here in one instance included a decision on millions of dollars in low income housing tax credits. As to the electronic voting and *de minimis* dismissal, electronic voting is expressly proscribed by statute, and the Court cannot conceive how an electronic vote is too trivial to warrant condemnation where the Legislature expressly prohibited electronic voting. See 5 GCA § 8105.

Finally, in light of the express language prohibiting meeting in secret or deliberating and deciding on issues in a non-public meeting and electronic voting, the Court simply cannot agree with the argument that Defendant-Torre presents circumstances such that the legislature did not envisage this type of case when forbidding the offense. Defendant-Torre was a duly confirmed member of a public agency who received training on the requirements of the OGL. Her power to steward one of Guam's public agencies came with responsibility. If the conduct alleged in the Complaint and attached Declaration are true, such conduct constitutes conspiracy to violate the OGL and thus, is well within the reasonable bounds of the conduct proscribed by the legislature in the OGL and the laws criminalizing conspiracy.

The alleged conduct, be it a conspiracy to violate the OGL or to commit official misconduct, flies in the face of the express pronouncements of law which govern the conduct of members of public agencies. This Court is not in the position to dismiss as *de minimis* a prosecution for alleged conduct that is prohibited by the plain language of a statute and condemned by express public policy codified in Guam law. Thus, the Court **DENIES** the Motion to Dismiss under the *de minimis* statute.

Finally, Defendant-Torre argues the charges should be dismissed because Torre relied on the advice of Board Counsel that the working sessions and email polling were not in violation of any laws. Whether or not Defendant-Torre relied on advice of counsel in engaging in the alleged

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's
Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's
Motion to Dismiss)                                                                 Page 24 of 26

conduct is not dispositive to this case at this time. Rather, the People must prove at trial that Torre had knowledge of the requirements of the OGL and of her duties as a public officer, and agreed to engage in conduct which ran afoul of such requirements and duties. The Defendant is free to raise her reliance on the presence and advice of counsel at trial, and the jury will determine whether she had the knowledge required to sustain charges of conspiracy to violate the OGL and conspiracy to commit official misconduct. Therefore, the Court **DENIES** the Motion to Dismiss the Complaint based on Defendant-Torre's argument that the presence and reliance on advice of counsel negates the *mens rea* necessary to sustain the charges against her. The Court finds the question of Torre's intent to engage in the conspiracies charged is one of fact, and is better left to the jury.

*[Conclusion and Order on Next Page]*

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)

Page 25 of 26

## CONCLUSION & ORDER

By preponderance of the evidence and based on the foregoing reasons:

1.  Defendant John Ilao's Motion to Sever is hereby **GRANTED**;

2.  Defendant Deanne Torre's Motion to Sever is hereby **GRANTED**;

3.  Defendant Roland Selvidge's Motion to Dismiss is hereby **DENIED**;

4.  Defendant Deanne Torre's Motion to Dismiss is hereby **DENIED**.

Additionally, the Court **ORDERS** the following:

1.  Charges 43, 44, and 45 against Defendant John Ilao are hereby **SEVERED** from the charges against all other Defendants. Defendant John Ilao's severed matter shall henceforth be captioned *People of Guam v. John Ilao* – under case number *CM0431-17-01*.

2.  Charges 29, 30, 31, and 32 against Defendant Deanne Torre are hereby **SEVERED** from the charges against all other Defendants. Defendant Deanne Torre's severed matter shall henceforth be captioned *People of Guam v. Deanne Torre* – under case number *CM0431-17-02*.

3.  The remaining Defendants shall remain under the case number CM0431-17.

**Criminal Trial Settings** for CM0431-17, CM0431-17-01 and CM0431-17-02 are set for **May 23, 2018 at 9:00 a.m.**

APR 0 5 2018

SO ORDERED _____.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG: H. Trapp, VanDeVeld, J.Arriola, M. Phillips, PDSC
Date: 4/5/18  Time: 4:45
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Josh Walsh, J.Taitano
Date: 4/5/18  Time: 4:45
Deputy Clerk, Superior Court of Guam

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re [1] Defendant Ilao's Motion to Sever, [2] Defendant Torre's Motion to Sever, [3] Defendant Selvidge's Motion to Dismiss, & [4] Defendant Torre's Motion to Dismiss)